IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 25, 2005

## WILLIAM L. SMITH v. VIRGINIA LEWIS, WARDEN, S.T.S.R.C.F., AND STATE OF TENNESSEE

**Appeal from the Circuit Court for Bledsoe County**
**No. 62-2003     Thomas W. Graham, Judge**

**No. E2004-01800-CCA-R3-HC - Filed May 27, 2005**

The petitioner, William L. Smith, appeals the denial of his petition for writ of habeas corpus. Because the petitioner's sentence for rape of a child is illegal, the judgment of the habeas corpus court is reversed, relief is granted, and the cause is remanded to the Bledsoe County Circuit Court for transfer to the Hamilton County Criminal Court for appropriate remedial action.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed and Remanded**

GARY R. WADE, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and JAMES CURWOOD WITT, JR., JJ., joined.

B. Jeffery Harmon, Assistant Public Defender, for the appellant, William L. Smith.

Paul G. Summers, Attorney General & Reporter; Michelle Chapman McIntire, Assistant Attorney General; and James Pope, III, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On September 8, 1997, the petitioner pled guilty in the Hamilton County Criminal Court to one count of rape of a child. The trial court imposed a sentence of fifteen years. There was no direct appeal. The judgment provided for a Range I sentence with a 30% release eligibility date. On April 13, 1999, the trial court amended the judgment to provide that the petitioner was to serve 100% of his sentence. The following special condition was added: "Defendant sentenced pursuant to TCA 40-35-501 and must serve at least 85% before being eligible for parole consideration."

Nearly two years after entry of the amended judgment, the petitioner filed a petition for post-conviction relief alleging that he did not receive the effective assistance of trial counsel and that his guilty plea was not knowing and voluntary. The post-conviction court summarily dismissed the

petition as barred by the applicable one-year statute of limitations. This court affirmed the dismissal by written order pursuant to Tennessee Court of Criminal Appeals Rule 20.

On November 6, 2003, the petitioner filed a petition for writ of habeas corpus in Bledsoe County, the place of his imprisonment, as authorized by Tennessee Code Annotated § 29-21-105, alleging that his sentence was illegal and that the judgment of conviction was therefore void. Counsel was appointed. At a hearing on the petition, the petitioner contended that at the time of the guilty plea, it was his understanding that he would serve 30% of the 15-year sentence. During cross-examination, however, he acknowledged that "[trial counsel] told me . . . I can do my sentence at 15 years at 85 percent, that's what I believed." When the habeas corpus court pointed out that the transcript of the submission hearing established that he had responded in the affirmative when asked whether he understood that he could be required to serve 100% of his sentence, the petitioner responded, "I was overwhelmed with the whole situation. It was like a formality to me. I was [just] being courteous . . . to the [c]ourt . . . ."

In a written order, the habeas corpus court denied relief:

The [t]rial [c]ourt transcript leaves no doubt that the [petitioner] was fully advised of the status of the law and that he was told his sentence might not be entitled to receive any sentence reductions. The sum total of this discussion was that the [petitioner] entered a plea knowing he may have to serve based on the status of the law the full fifteen (15) years. The [petitioner] does not seek to have his entire sentence set aside but requests that his sentence be made eligible for the fifteen (15%) per cent reduction. This [c]ourt does not have jurisdiction to impose a different sentence nor does the [c]ourt think it appropriate to declare the Amended Judgment void. Clearly, the erroneous entries should be corrected by deleting the faulty references contained in the special conditions and also correcting the sentence imposed date to reflect September 8, 1997, rather than September 8, 1999. However, since these are matters for the [t]rial [c]ourt, the [r]espondent is directed to obtain a proper Second Amended Judgment for the purpose of properly reflecting the action taken by the [t]rial [c]ourt at the September 8, 1997, plea hearing.

The writ of habeas corpus is guaranteed by Article 1, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. Although the writ of habeas corpus is constitutionally guaranteed, it has been regulated by statute for more than a hundred years. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656, 57 (1968). Our current code provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101.

Although the language of the statute is broad, the courts of this state have long held that a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery, 432 S.W.2d at 658; State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Unlike the federal writ of habeas corpus, relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, which would afford a means of relief for constitutional violations, such as the deprivation of the effective assistance of counsel, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment.[1] State ex rel. Newsome v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1969). A petitioner cannot attack a facially valid conviction in a habeas corpus proceeding. Potts, 833 S.W.2d at 62; State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The policy behind limiting habeas corpus relief to facially void convictions is "grounded on the strong presumption of validity that attaches to final judgments of courts of general jurisdiction." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). In Ritchie, our supreme court reiterated the limited nature of habeas corpus relief:

> In all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances. Unlike the procedures governing the availability of the federal writ of habeas corpus, our procedures do not contemplate that a petitioner may relititgate facts in a habeas corpus proceeding. Because a conviction is either void on its face for want of jurisdiction, or it is not, the need for an evidentiary hearing in a habeas corpus proceeding should rarely arise . . . .

Id.

In this appeal, the petitioner does not argue that his sentence has expired; instead, he asserts that he is entitled to habeas corpus relief because the judgment is void. The petitioner first contends that "[t]he crux of the problem . . . arises from the fact that the [p]etitioner has been classified as a

---

[1] The Post-Conviction Procedure Act codified at Tennessee Code Annotated sections 40-30-101 thru 40-30-122 describes the procedure for filing a petition for post-conviction relief. The original Post-Conviction Procedure Act of 1967 did not include a statute of limitations. In 1986, the General Assembly adopted a three-year statute of limitations. See Tenn. Code Ann. § 40-30-102 (repealed 1995). In 1995, our legislature amended the Post-Conviction Procedure Act such that under our current law, a petitioner must seek post-conviction relief "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." Tenn. Code Ann. § 40-30-102(a) (2003). Accordingly, a petition for post-conviction relief is time-barred in this case.

child rapist by the Department of Correction[]." He also claims that both the original and the amended judgments are facially invalid because of the erroneous references to release eligibility.

This court has previously held that a Department of Correction classification regarding release eligibility has no bearing on the validity of a conviction and is not a cognizable claim for habeas corpus relief. See Reginald D. Hughes v. David Mills, Warden, No. W2003-02486-CCA-R3-HC (Tenn. Crim. App., at Jackson, March 19, 2004); Terry W. Holtsclaw v. State, No. 03C01-9904-CR-00143 (Tenn. Crim. App., at Knoxville, July 29, 1999). Because the Department of Correction is an agency of the state government, issues such as this should be addressed through the Administrative Procedures Act. See Tenn. Code Ann. §§ 4-5-101 to -324. Thus, to the extent that the petitioner contests his Department of Correction classification, he is not entitled to habeas corpus relief.

The second issue is of greater concern. The original judgment, entered in September of 1997, indicated that the petitioner was being sentenced as a Range I standard offender with a 30% release eligibility date. Because the petitioner's sentence was for rape of a child, however, the petitioner was required to serve 100% thereof under Tennessee Code Annotated sections 40-35-501 and 39-13-523. The first section, 40-35-501, provides in pertinent part as follows:

> (i)(1) There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2). Such person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236, or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

> (2) The offenses to which the provisions of subdivision (i)(1) apply are:
> (A) Murder in the first degree;
> (B) Murder in the second degree;
> (C) Especially aggravated kidnapping;
> (D) Aggravated kidnapping;
> (E) Especially aggravated robbery;
> (F) Aggravated rape;
> (G) Rape;
> (H) Aggravated sexual battery;
> (I) Rape of a child;
> (J) Aggravated arson;  or
> (K) Aggravated child abuse.

> (3) Nothing in this subsection (i) shall be construed as affecting, amending or altering the provisions of § 39-13-523, which requires child rapists and multiple rapists to serve the entire sentence imposed by the court undiminished by any sentence reduction credits.

-4-

Tenn. Code Ann. § 40-35-501(i). The latter, 39-13-523 provides in relevant part:

> (b) <u>Notwithstanding any other provision of law to the contrary, a multiple rapist or a child rapist . . . shall be required to serve the entire sentence imposed by the court undiminished by any sentence reduction credits such person may be eligible for or earn.</u> A multiple rapist or a child rapist shall be permitted to earn any credits for which such person is eligible and such credits may be used for the purpose of increased privileges, reduced security classification, or for any purpose other than the reduction of the sentence imposed by the court.

> (c) The provisions of title 40, chapter 35, part 5, relative to release eligibility status and parole shall not apply to or authorize the release of a multiple rapist or child rapist . . . prior to service of the entire sentence imposed by the court.

> (d) Nothing in the provisions of title 41, chapter 1, part 5, shall give either the governor or the board of probation and parole the authority to release or cause the release of a multiple rapist or child rapist . . . prior to service of the entire sentence imposed by the court.

Tenn. Code Ann. § 39-13-523(b) - (d) (emphasis added).

The record establishes that the offense occurred after July 1, 1995. In consequence, the designation of a 30% release eligibility date in the original judgment rendered the sentence illegal. It is well settled that "'a judgment imposed by a trial court in direct contravention of express statutory provisions regarding sentencing is illegal and is subject to being set aside at any time, even if it has become final.'" <u>McConnell v. State</u>, 12 S.W.3d 795, 798 (Tenn. 2000) (quoting <u>State v. Mahler</u>, 735 S.W.2d 226, 227-28 (Tenn. 1987)). A trial judge has both the power and authority to correct the sentencing judgment "as soon as the illegality [is] brought to his attention." <u>State v. Burkhart</u>, 566 S.W.2d 871, 873 (Tenn. 1978). The trial court, therefore, had no choice but to correct the illegal sentence by entering an amended judgment.

Nevertheless, the April 1999 amended judgment, which provided for 85% service of the sentence, was also illegal because it too specified an erroneous release eligibility date. Although there was a check mark next to the handwritten sentencing category, "100% T.C.A. 40-35-501," there was the following special condition notation: "Defendant sentenced pursuant to TCA 40-35-501 and must serve at least 85% before being eligible for parole consideration." Because the petitioner was a child rapist, he did not qualify for the 85% by the terms of the statute. Parenthetically, the amended judgment also failed to specify the petitioner's pre-trial jail credits and the date of the initial judgment is erroneously listed as September 8, 1999.

Recently, in <u>Don Allen Coleman v. Jack Morgan, Warden</u>, No. M2002-02237-CCA-R3-CO (Tenn. Crim. App., at Nashville, Aug. 6, 2004), this court was faced with a similar habeas corpus claim. In <u>Coleman</u>, the petitioner pled guilty to two counts of rape of a child and received concurrent

seventeen-year sentences, with the following notation under the "special conditions" portion of each judgment: "Pursuant to T.C.A. 40-35-501(i), the defendant is advised concerning the release eligibility percentage of the offense convicted shall be 100% of the sentence imposed less sentence credits earned; however, no sentence reduction credits authorized shall exceed 15%." Upon determining that the erroneous notations were not merely clerical errors, this court, relying on our supreme court's decision in McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001), granted relief and vacated the judgments:

> The McLaney court stressed that when "the face of the judgment or the record of the underlying proceedings shows that the . . . sentence is illegal, such sentence creates a void judgment for which habeas corpus relief is available." McLaney, 59 S.W.3d at 91. Thus, an illegal, jurisdictionally defective sentence is one that is in direct contravention of the sentencing act. See id. at 94. Such a sentence is void when the defect appears on the face of the judgment or record of the underlying proceeding. As such, it is justiciable in a habeas corpus proceeding. When such a void sentence is based upon a guilty plea, the habeas corpus court declares void and vacates the judgment but defers to the conviction court to address the petitioner's guilty plea that is left pending in the wake of the vacated judgment. Id. Then, upon remand to the conviction court, "either the plea may be withdrawn or the conviction remains intact." Id. at 94-95 (emphasis added).
>
>        *        *        *
>
> Based upon the precepts of McLaney, we hold that the *ultra vires* provisions for sentence reduction credits in the promulgated child rape convictions void the judgments.

Coleman, slip op. at 4-5.

Thus, in the present case, the petitioner is not entitled to relief if the amended judgment's erroneous notation in the special conditions section is a clerical error. In our view, however, the record does not support the trial court's determination in that regard. The Petition to Enter Plea of Guilty and Waiver of Trial by Jury (Felony) signed by the petitioner at the time of his plea makes no reference whatsoever to any release eligibility date and includes only a designation that the petitioner is a Range I offender. The transcript of the guilty plea hearing reflects that the following exchanges were had at that time:

> THE COURT: So you understand you will have to serve 85 percent of the sentence before you're eligible for parole?
> THE [PETITIONER]: Yes, sir, Your Honor.
> THE COURT: That's 85 percent of 15 years.
> THE [PETITIONER]: Yes, sir.
>
>        *        *        *

> THE COURT: Okay. So the [c]ourt has found you guilty of child rape, an A felony as a Range I offender. The [c]ourt has sentenced you to 15 years in Department of Correction at 85%.
>
> Now, . . . I'm not going to tell you that going to the penitentiary will be good for you, it won't, it's not a nice place over there, but I'm telling you that you can resolve to come out of there a better person than when you arrived. It won't be easy, but if you are smart – and you're a young man – I would do that. I would be a model prisoner and get out as early as I could, even though that's at 85 percent of 15 years.
>
> Have you figured out what that is?
>
> [DEFENSE COUNSEL]: The release eligibility sate at 85 percent is 12.75 years.
>
> THE COURT: Okay. You understand that?
>
> THE [PETITIONER]: Yes, sir.

It was not until the end of the hearing that the assistant district attorney prosecuting the case raised the possibility of 100% service under Tennessee Code Annotated 39-13-523, provoking the following commentary from the trial court:

> THE COURT: Well, there's a conflict, then, in the law as the legislature has enacted it. . . . Do you may very well have to serve day for day the fifteen years . . . but that is a matter that will be addressed to the parole board. I have no control over that at all.

Although the face of the judgment controls, this exchange appears to affirm that the erroneous reference to 85% was not clerical in nature.

Because the amended judgment reflects a void sentence for the petitioner's rape of a child conviction, the petitioner is entitled to habeas corpus relief. Accordingly, the cause is remanded to the Circuit Court for Bledsoe County for transfer to the Hamilton County Criminal Court. The Hamilton County Criminal Court shall take appropriate action.

_____
GARY R. WADE, PRESIDING JUDGE